**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANTIAGO ASTORGA BASAULTO,<br>(A-No. 222-597-601)<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | Case No. 1:26-cv-07924-JLT-FJS<br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Doc. 1) |

## I. INTRODUCTION

Before the Court is Santiago Astorga Basaulto's request for a temporary restraining order (Doc. 1 at 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, which challenges his ongoing detention. (Doc. 1.) Respondents filed an opposition to the TRO and habeas petition, asserting that Petitioner is detained under 8 U.S.C. § 1226(a) after overstaying his nonimmigrant visa. (Doc. 5 at 1.) For the reasons set forth below, the Court **GRANTS** the habeas petition.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 4.) Respondents do not request a hearing or further briefing (Doc. 5), and Petitioner did not file a reply. Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying petition based on the current record.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. BACKGROUND

Petitioner is a citizen of Chile who first the United States in April 2018, on a F2 nonimmigrant visa with a temporary period not to exceed October 16, 2022. (Doc. 5-1 at 2.) Petitioner's F2 visa status was terminated early on July 27, 2020.[2] (*Id.*) Petitioner never left the United States as required. (*Id.*) Over the years, Petitioner accrued a series of convictions for multiple traffic offenses. (*See id.*) On October 25, 2024, Petitioner was convicted of a traffic infraction for "following another vehicle" in violation of Utah Code Ann. § 41-6A-711. (*Id.*) On October 26, 2025, Petitioner was convicted of another traffic infraction for failing to yield and for an improper left turn in violation of Utah Code Ann. §§ 41-6A-903(1)(A) and 41-6A-801, respectively. (*Id.*) On June 11, 2026, Petitioner was convicted of speeding in violation of Utah Code Ann. § 41-6A-601. (*Id.* at 2–3.)

Most recently, on September 6, 2026, Petitioner was arrested for driving under the influence, having an open container in his vehicle, and the unlawful purchase, possession, or consumption of alcohol by a minor in violation of Utah Code Ann. §§ 41-6A-502, 41-6A-526, and 32B-4-409, respectively. (Doc. 5-1 at 3; *see also* Doc. 5-3 at 4–5.) Petitioner was taken to local county jail and when released, arrested by ICE. (Doc. 5-1 at 2; *see also* Doc. 1, ¶¶ 6–7.) DHS issued him a Notice to Appear charging Petitioner as removable under Section 237(a)(1)(C)(i) of the Immigration and Nationality Act, codified in 8 U.S.C. § 1227(a)(1)(C)(i). (Doc. 5-2 at 1.) DHS then transferred Petitioner to the California City Detention Facility, where

[2] The I-213 fails to explain why Petitioner's F2 visa was terminated early. (*See* Doc. 5-1 at 2.)

he remains. (Doc. 1, ¶ 8.) Petitioner's removal proceedings are ongoing, and he is not subject to a final order of removal.[3]

On September 28, 2026, Petitioner filed a petition for writ of habeas corpus and motion for TRO, requesting immediate release or a bond hearing and arguing that his continued detention without a prompt, meaningful custody determination violates the Fifth Amendment Due Process Clause. (Doc. 1, ¶¶ 15–19, 29–30.) On October 6, 2026, Petitioner filed an opposition arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), has not yet sought a bond hearing before an immigration judge, and should therefore be required to exhaust his administrative remedies. (*See* Doc. 5 at 1–2.) Petitioner did not file a reply.

## IV. DISCUSSION

### A. Exhaustion

As a prudential matter, habeas petitioners must exhaust available judicial and administrative remedy remedies before seeking relief. 28 U.S.C § 2241; *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003) (citation omitted); *Puga v. Chertoff,* 488 F.3d 812, 815 (9th Cir. 2007). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture,

[3] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited October 28, 2026)

irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). Here, given that Respondents concede Petitioner is entitled to a § 1226(a) custody redetermination hearing, (*see* Doc. 5 at 2), but have failed to initiate such process pursuant to 8 C.F.R. § 1236.1[4], the Court waives the exhaustion requirement based on futility.

**B. Petitioner Is Entitled to a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

Petitioner is currently in removal proceedings under 8 U.S.C. § 1227(a)(1)(C)(i), which states: "Any alien who was admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted . . . or to comply with the conditions of any such status, is deportable." (*See* Doc. 5-2 at 1.) As Respondents concede in their opposition, (Doc. 5), Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See Quispe v. Becerra*, No. 1:25-cv-2002 CSK, 2025 WL 3774570, at *1, 5 (E.D. Cal. Dec. 31, 2025) (explaining that the only statute which could provide detention over petitioner—a noncitizen who had overstayed her visa and whose removal proceedings were ongoing—was 8 U.S.C. § 1226 because that statute expressly provides for detention before a final order of removal) (citation and quotation omitted); *Wei v. Chestnut*, No. 1:26-cv-01065-DJC-CKD, 2026 WL 412203, at *1 (E.D. Cal. Feb. 13, 2026) (finding that petitioner, who had overstayed his nonimmigrant visa, was detained under § 1226(a) because he had been present in the United States since 2018 and was not an "applicant for admission" under § 1225).

Under Section 1226(a), "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—(1) may continue to detain the arrested alien; and (2) may release the alien on—(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney

---

[4] Though Respondents contend that Petitioner "has not sought an IJ bond hearing" and thus, the Court "should deny the petition for lack of exhaustion" (Doc. 5 at 1–2), there is no indication in the record that Respondents issued an I-286 Notice of Custody Determination at the time of Petitioner's arrest to allow him to contest such determination before an immigration judge. *See* 8 C.F.R. §§ 1236.1(b)(1), (c)(8), (d)(1). In fact, the I-213 states that Petitioner *did* "request[] a hearing before an immigration judge." (Doc. 5-1 at 3.) Yet, to date, Respondents have failed to provide such bond hearing.

General; or (B) conditional parole." 8 U.S.C. § 1226(a)(1)–(2). Here, the Government has made the initial decision to detain the Petitioner pending an outcome on his removal proceedings.[5] (*See* Doc. 5-1 at 3 ("[Petitioner] will be held in ICE custody pending removal from the United States").) Under 8 C.F.R. § 1236.1(d)(1), Petitioner is entitled to contest that determination before an Immigration Judge. *See* 8 C.F.R. § 1236.1(d)(1) ("After an initial custody determination by the district director, including the setting of a bond, the respondent may . . . request amelioration of the conditions under which he or she may be released . . . the immigration judge is authorized to exercise the authority in section 236 of the Act . . . to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released"). As this Court previously explained:

> [Section] 1226(a) establishes a discretionary detention framework where the immigration officer first determines whether to detain or release the non-citizen while their immigration case is ongoing. 8 U.S.C. § 1226(a); *Otilio B.F.* [*v. Andrews*], 809 F. Supp. 3d [1038,] [] 1048–49 (citations and quotations omitted). After that decision has been made, the non-citizen may request a bond hearing before an IJ. 8 C.F.R. § 1236.1[ ](d)(1). At that bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the [Immigration Judge] . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

*Quinteros Cornejo v. Andrews, et al.*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026). Thus, the Court finds that Petitioner is entitled to a custody redetermination before an Immigration Judge under 8 C.F.R. § 1236.1(d)(1). For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1 at 2) is **GRANTED**.
2. The motion for temporary restraining order (Doc. 1 at 3) is **DENIED** as **MOOT**.
3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1) at which the parties will be allowed to present

---

[5] The record is devoid of any I-200 administrative warrant issued at the time of Petitioner's arrest. (*See* Doc. 5-1; Doc. 5-2.) While Petitioner indicates that ICE "maintained an immigration hold and took . . . custody of Petitioner" upon his release from jail (Doc. 1, ¶ 7), it is unclear whether such immigration hold was pursuant to an I-200 administrative warrant.

evidence and argument about whether Petitioner is a danger to the community and a flight risk if not detained.

4. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. If Petitioner is released on bond, Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[6]

7. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

8. The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 29, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[6] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.